**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| RICKY J. JOHNSON, | : | CIVIL ACTION NO. |
| GDC ID # 1124129, | : | 2:12-CV-00108-RWS-JCF |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| FORSYTH CNTY. BD. COMM'RS, | : | PRISONER CIVIL RIGHTS |
| TED PAXTON, Sheriff, | : | 42 U.S.C. § 1983 |
| TOM WILSON, Major/Jail Adm'r, | : | |
| FNU SOTOR, Sheriff's Deputy, | : | |
| UNKNOWN F.C.S.O. DEPUTIES, | : | |
|     Defendants. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly an inmate at the Forsyth County Detention Center (FCDC) in Cumming, Georgia,[1] has submitted this *pro se* civil rights action, seeking relief under 42 U.S.C. § 1983, and he has been granted *in forma pauperis* status. (*See* Docs. 1, 2, & 5). The matter is now before the Court for an initial screening.

### I.    The Legal Framework

#### A.    28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer

---

[1] On July 23, 2012, the Court received Plaintiff's notice that he had been transferred to Wilcox State Prison in Abbeville, Georgia. (*See* Doc. 6).

or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). To have some chance of success, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50. To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 1950; *see also Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal").

AO 72A
(Rev.8/82)

Moreover, a prisoner complaint may be dismissed as frivolous if it appears "beyond a doubt from the complaint itself" that the prisoner "can prove no set of facts [to] avoid a statute of limitations bar." *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (noting that district court did not abuse its discretion in dismissing claim as time-barred when there was no indication in record that limitations period should be tolled – during, for example, plaintiff's pursuit of administrative remedies); *see also McKenzie v. United States DOJ*, 143 Fed. Appx. 165, 167-68 (11th Cir. 2005) (citing *Hughes* and affirming time-bar dismissal of prisoner's civil rights complaint under 28 U.S.C. § 1915A); *Lee v. Cobb County Police Dep't Precinct 3*, No. 1:11-CV-3683, 2012 U.S. Dist. LEXIS 81902, at *6-8 (N.D. Ga. May 3, 2012) (citing *McKenzie* and recommending dismissal of prisoner's time-barred search and seizure claim under 28 U.S.C. § 1915A), *adopted by* 2012 U.S. Dist. LEXIS 81899 (N.D. Ga. June 12, 2012).

### B. 42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff fails to satisfy these pleading

3

AO 72A
(Rev.8/82)

requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of § 1983 complaint because plaintiffs' factual allegations were insufficient to support asserted constitutional violation); *see also L.S.T., Inc. v. Crow*, 49 F.3d 679, 683-84 (11th Cir. 1995) (noting that "[i]t is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief").

## II. The Complaint

Plaintiff sets forth the following allegations against the Forsyth County Board of Commissioners and various officers of the Forsyth County Sheriff's Office (FCSO), including Sheriff Paxton, Major/Jail Administrator Wilson, Deputy Sotor, and other unknown FCSO deputies. (Doc. 1 at 3). Plaintiff states that since November 2007 he has been detained at various times in the FCDC, having been transferred there more than ten times. He was convicted and sentenced to state prison in 2008 on unrelated charges in Hall County, Georgia.[2] (*Id.*).

---

[2] Georgia Department of Corrections records indicate that Plaintiff began his incarceration in state prison on October 30, 2008, after being convicted of burglary in Hall County. *See* "Offender Information: Georgia Offender Search" for GDC ID # 1124129, www.dcor.state.ga.us (last visited Dec. 11, 2012). On February 3, 2012, the Georgia Court of Appeals vacated the Forsyth County Superior Court's denial of Plaintiff's speedy trial motion with respect to burglary and theft by taking charges pending against him in Forsyth County and remanded the matter to the trial court. *Johnson*

4

First, Plaintiff alleges that on March 4, 2009, Deputy Sotor assaulted him at the FCDC and then brought terroristic threat charges against Plaintiff, which were dismissed on April 24, 2009. (*Id.* at 4).

Next, Plaintiff claims that he was denied access to the FCDC law library, to a means of making copies, and to postage, which impeded his ability to file a petition for certiorari review in the Georgia Supreme Court after his appeal to the Georgia Court of Appeals, ostensibly regarding his Hall County conviction, was denied in February 2012. He notes that previously, on October 16, 2009, he obtained a court order to force the Forsyth County Sheriff to provide him access to the FCDC law library for two hours per day. (*Id.* at 4-5; *see id.* at 11).

Plaintiff also claims that on January 5, 2010, his attorney in his Forsyth County criminal case asked to continue a hearing regarding Plaintiff's speedy trial motion so that he could review evidence that Plaintiff had obtained, allegedly establishing his innocence of the theft by taking charges. "The trial court granted the continuance for two weeks for the express purpose of reviewing the material." (*Id.* at 5). Upon Plaintiff's return from court, however, his legal materials, including the evidence he had obtained, were seized by an FCSO deputy, and the evidence ultimately

---

*v. State*, 723 S.E.2d 100, 104 (Ga. Ct. App. 2012) (noting that Plaintiff was arrested on Nov. 8, 2007).

disappeared. At a hearing on the matter, FCSO deputies stated that they had given the materials to Hall County transport officers, but those officers denied ever receiving them. Plaintiff claims that the loss of this evidence caused the denial of his speedy trial motion. (*Id.* at 6). Plaintiff also challenges the FCDC policy of requiring that prisoner mail be by post card only. (*Id.* at 6-7).

Finally, Plaintiff refers to "other issues regarding fabrication of evidence, possible tampering with evidence, perjury and false statements by [FCSO] employees . . . that quite possibly rise to levels of constitutional proportions – that require advice of a trained legal professional." (*Id.* at 7).

By way of relief, Plaintiff asks for (1) charges to be brought against Deputy Sotor for assault and for falsely charging Plaintiff with a felony, and $500,000 in damages arising from Deputy Sotor's actions; (2) an injunction preventing the FCSO from requiring that a Forsyth County detainee obtain a court order before he is allowed access to the FCDC law library, and $250,000 in damages for hindering his filing of a petition for certiorari in the Georgia Supreme Court; (3) $420,000 in compensatory and punitive damages arising from the loss of evidence to establish his innocence of the charges pending against him in Forsyth County, including "receipts, bills of sale, [and] affidavits of ownership" of the allegedly stolen property in his possession; and

(4) an immediate emergency injunction to end the post-card-only restriction on FCDC inmates' correspondence. (*Id.* at 4, 8-9). Petitioner also seeks appointment of counsel to represent him, as well as costs. (*Id.* at 8).

### III. Discussion

#### A. Plaintiff's Claims Against Deputy Sotor Are Time-Barred.

The statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). A § 1983 claim accrues, and the statute of limitations begins to run, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *see McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008) ("It is well established that a federal claim accrues when the prospective plaintiff knows or has reason to know of the injury which is the basis of the action." (internal quotations omitted)); *Ashcroft v. Randel*, 391 F. Supp. 2d 1214, 1219 (N.D. Ga. 2005) (noting that the federal "discovery rule" governing the accrual of a federal civil rights action provides that "a claim accrues when the injured party knew or should have known both (1) that he has suffered the injury that forms the basis of his complaint and (2) who inflicted that injury").

7

Here, all of the events underlying Plaintiff's claims against Deputy Sotor were known to him on or before April 24, 2009, when the terroristic threat charges that the deputy brought against him were dismissed. (Doc. 1 at 4). Plaintiff executed and filed his complaint concerning those events on May 9, 2012 (*id.* at 9), more than three years later.[3] Therefore, Plaintiff's claims against Deputy Sotor are due to be dismissed as time-barred under the two-year statute of limitations that applies to § 1983 claims arising in Georgia.

### B. Plaintiff's Access to Courts and Mail Restriction Claims May Proceed.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, access to a law library "is not required of prisons, but rather is one way of assuring the constitutional right of access to the courts. The mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment." *Akins v. United*

---

[3] "Under the mailbox rule for prisoners, a prisoner's [pleading] is deemed filed on the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Absent contrary evidence, we will assume that a prisoner's filing 'was delivered to prison authorities the day he signed it.' *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)." *Fuller v. Terry*, 381 F. App'x 907, 908 (11th Cir. 2010).

8

*States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (citation omitted). Moreover, an access-to-the-courts claim may not proceed without an allegation of "actual injury regarding prospective or existing litigation"—such as "missing filing deadlines or being prevented from presenting claims"—while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998); *see also Lewis v. Casey*, 518 U.S. 343, 369 (1996) (stating that the Supreme Court's own precedents, including *Bounds*, do "*not* establish a freestanding right of access to the courts, meaningful or otherwise") (emphasis in original).

An inmate also "has a First Amendment free speech right to communicate with his attorneys by mail, separate and apart from his constitutional right to access to the courts," and, unlike the latter claim, a free speech claim does not require a showing of actual injury as a "constitutional prerequisite." *Al-Amin v. Smith*, 511 F.3d 1317, 1333-35 (11th Cir. 2008) (noting persuasive effect of Third Circuit's conclusion in *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006), "that a state prison's 'pattern and practice' of opening attorney mail outside the inmate's presence . . . impinges upon the inmate's right to freedom of speech").

Here, Plaintiff has alleged that prior to filing this action he suffered actual injury

9

in the pursuit of a specific type of nonfrivolous lawsuit, namely, that (1) he was pursuing a direct attack upon his Hall County conviction without either the assistance of counsel or meaningful access to legal materials, and (2) evidence important to his defense in a separate criminal case pending against him in Forsyth County was seized improperly and then lost. (Doc. 1 at 4-6). Accordingly, it is recommended that Plaintiff's access to courts claim, including his challenge to the FCDC post-card-only policy, be allowed to proceed.

However, Plaintiff's request for appointment of counsel is **DENIED**. To date, Plaintiff has presented his claims adequately. Moreover, the Court does not find that the facts or issues in this case are so complex as to warrant appointment of counsel at this time. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (noting that appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues . . . so novel or complex as to require the assistance of a trained practitioner") (internal quotations omitted); *see also Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (applying same principles to "prisoner pursuing a section 1983 action, [who] has no absolute constitutional right to the appointment of counsel").

## IV. Conclusion

10

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against Deputy Sotor be **DISMISSED**, that Deputy Sotor be dismissed from this action, and that Plaintiff's remaining claims regarding his access to the courts and to the United States mail be **ALLOWED TO PROCEED** as in any other civil action. Plaintiff's motion for appointment of counsel (Doc. 1 at 9) is **DENIED**.

Should the Court adopt the foregoing recommendations, the Clerk is **DIRECTED** to refer this matter to the undersigned Magistrate Judge for further proceedings, including entry of a separate order for service of process upon the remaining Defendants.

**SO ORDERED, RECOMMENDED and DIRECTED** this 3rd day of January, 2013.

_____
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)