IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| RICKY J. JOHNSON, | : | CIVIL ACTION NO. |
| GDC ID # 1124129, | : | 2:12-CV-00108-RWS-JCF |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| FORSYTH CNTY. BD. COMM'RS, | : | PRISONER CIVIL RIGHTS |
| TED PAXTON, Sheriff, | : | 42 U.S.C. § 1983 |
| TOM WILSON, Major/Jail Adm'r, | : | |
| FNU SOTOR, Sheriff's Deputy, | : | |
| UNKNOWN F.C.S.O. DEPUTIES, | : | |
| Defendants. | : | |

## ORDER

Plaintiff, a Georgia prisoner, filed a 42 U.S.C. § 1983 action raising various claims against the above Defendants. (Doc. 1). Now before the Court are the Magistrate Judge's Report and Recommendation to dismiss as time-barred Plaintiff's claims against Deputy Sotor and to allow Plaintiff's remaining claims to proceed as in any other civil action. (Doc. 8). Plaintiff objects to the dismissal of his claims against Deputy Sotor. (Doc. 10). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the Report to which Plaintiff objects, and has reviewed the remainder of the Report for plain error. *See United States v. Slay*, 714 F.2d 1093,

AO 72A
(Rev.8/82)

1095 (11th Cir. 1983).

The Magistrate Judge concluded that Plaintiff's claims against Deputy Sotor, filed in this Court on May 9, 2012, are time-barred under Georgia's two-year statute of limitations, as they are based on a series of events that Plaintiff alleges ended on April 24, 2009, with the dismissal of the terroristic threat charges that the Deputy had brought against him. (Doc. 8 at 7-8). Plaintiff objects to this conclusion by arguing (1) "[i]t was not until July 7, 2009 that [he] was informed of the dismissal and not until September 2009 that he actually received the order dismissing the case" (Doc. 10 at 2); (2) "his legal material[, consisting of "three thick files containing all of his evidence, documents, notes, and research material related to all of his issues in Forsyth County including his being assaulted by Deputy Sotor and the filing of the felony terroristic threat charges," was] deliberately and intentionally seized from him by Forsyth County Sheriff's deputies" on January 18, 2011, which "hindered his ability to pursue that claim as well" (*id.* at 2-4); and (3) he "sought administrative remedies through October 2009 to bring charges against Deputy Sotor in the criminal courts and internal affairs" (*id.* at 4).

Plaintiff's objections fail. Even if the Court gives Plaintiff the benefit of the doubt and starts the limitations-period clock in October 2009, after Plaintiff either

2

exhausted or abandoned his administrative remedies against Deputy Sotor, Plaintiff had almost fifteen months thereafter to prepare his claims against the deputy before his legal materials allegedly were confiscated in January 2011.  Although Plaintiff alleges that the materials were then lost (*see* Doc. 1 at 5-6), he nevertheless was able to initiate this civil action without access to them.  However, because he waited until May 9, 2012 to do so, the two-year limitations period on his claims against Deputy Sotor had by then expired.

> The entirety of Plaintiff's allegations against Deputy Sotor are as follows:
>
> On March 4, 2009, while in line to receive medication, I was assaulted by Deputy FNU Sotor.  Deputy Sotor rammed my head into the wall several times causing swelling on my head.  I was handcuffed & taken to a holding cell where Deputy Sotor again rammed me into the wall. Deputy Sotor then lodged Felony Terroristic Threat charges against me to cover up his actions in assaulting me.  At no time did I receive a disciplinary write up — because I did nothing to provoke this assault. The Felony Terroristic Threat charge was dismissed on April 24, 2009. (Please see attached dismissal exhibit P-1).

(Doc. 1 at 4).

The Court finds nothing in the foregoing claims that would have required Plaintiff to be in possession of his legal materials in order to file them.[1]  Had Plaintiff

---

[1] Plaintiff refers in his complaint to an exhibit, which, however, does not appear to be attached thereto.  (*See generally* Doc. 1).

3

pursued these claims with diligence, even without access to his legal materials—during which time he could have filed a timely complaint, by October 2011, sufficient to sustain his claims against Deputy Sotor through frivolity review—he would not now be forced to rely on his allegations regarding the confiscation of his files.  In other words, Plaintiff has given the Court no reason to conclude that if he was able, as he was, to file his claims against Deputy Sotor in May 2012 without access to his files, he could not have filed them within the limitations period seven months earlier.  *See Seals v. Montgomery*, No. 7:08-CV-80-HL, 2010 U.S. Dist. LEXIS 49178, at *8-10 (M.D. Ga. Apr. 5) (noting the Supreme Court's admonition that " '[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs' " (quoting *Wallace v. Kato*,  549 U.S. 384, 396 (2007)), and the Eleventh Circuit's that "equitable tolling is an extraordinary remedy that is generally applied sparingly, but may be 'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence' " (quoting *Drew v. Dep't of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002)), and concluding that plaintiff had not met these stringent requirements for equitable tolling because he could have filed a timely, albeit incomplete, complaint and

4

remedied its deficiencies later), *adopted by* 2010 U.S. Dist. LEXIS 49180 (M.D. Ga. May 19, 2010).

Accordingly, the Court **OVERRULES** Plaintiff's Objection (Doc. 10), **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 8) as the Order of this Court, **DISMISSES** Plaintiff's claims against Deputy Sotor, **DISMISSES** Deputy Sotor as a Defendant, and allows Plaintiff's remaining claims to proceed as set forth in the Magistrate Judge's Report. (*See* Doc. 8 at 11).

The Clerk is **DIRECTED** to resubmit this matter to the Magistrate Judge for service of process and related proceedings.

**IT IS SO ORDERED** this   29th   day of March, 2013.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)